BLANCHE DUPRE ADAMS

*vs.*

AMERICAN FASTENER CO.

Superior Court    New Haven County    File No. 13180
(At Waterbury)

## MEMORANDUM FILED NOVEMBER 6, 1939.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Appellant.

*Francis A. Pallotti,* Attorney General; *Harry Silverstone,* Assistant Attorney General, for the Appellee.

CORNELL, J.   Appeal from a decision of the unemployment compensation commissioner for the Fifth District.

From the finding, it appears that the plaintiff (claimant) had been an employee in defendant's (respondent's) establishment for a number of years prior to May 19, 1939, and on that latter date was five months pregnant; that she was working in defendant's factory on May 18, 1939, but became ill in the morning of that date and after leaving, returned in the afternoon and requested that she be given work where she would not be required to inhale lacquer odors, which because of her condition affected her; that she was then transferred to another room at binder work away from the offending odors; that because of the slackness of work in the latter room, it became necessary to lay off a number of employees and among them the plaintiff was notified to that effect; that because of her length of satisfactory services, however, the foreman and secretary of defendant corporation made a personal explanation to plaintiff in which he informed her that there were two reasons for such action as applied to her, but that independent of the first, the second circumstance would have impelled him to do so in any event; that this, however, was due to consideration for her health and for that of her child as well as others relating to accident hazard affecting defendant's liability under the Workmen's Compensation Act; and that plaintiff at the time, notwithstanding her condition was able to perform and was with acceptable efficiency performing the duties of the work assigned to her.   It is defendant's claim under these circumstances that it does not appear that the plaintiff on the date she was laid off was "physically and mentally able to work" within the meaning of section 808d (a) (2), which by the provisions of chapter 280a of the 1937 Supplement to the General Statutes is made a condition of eligibility to participation in the benefits of Unemployment Compensation payments.   The commissioner's additional conclusion that plaintiff was "available for work" is not directly questioned.

The first attack is levelled at the factual aspect of the contro-versy. Thus, in the second reason of appeal it is contended that the commissioner's conclusion "that the claimant was physically and mentally able to work.....is not supported by the evidence." This ground of appeal is equivocal since it is susceptible of the interpretation (1) that there is a complete lack of evidence to sustain the conclusions reached, or that (2) there is evidence, but of insufficient probative force to warrant the determinations arrived at. By express provision, the factual conclusions of the commissioner "shall be subject to correction only to the extent provided by section 353 of the Connecticut practice book." (Supp. [1937] §810d [j]). So far as ap-plicable to the situation disclosed here, the court is empowered to change such factual determinations only if there is a failure to find a material admitted or undisputed fact or upon the incor-poration of a material fact without evidence (Practice Book [1934] §353). Again, an attack on a fact found without evi-dence, applies to subordinate facts. There is no such assault made in any of the reasons of appeal.

Nevertheless, the evidence has been examined and the conclu-sion reached that it fully supports the finding of the commis-sioner that the plaintiff was mentally and physically able to work "when she filed her claim for benefits." Indeed, the com-missioner, with complete fidelity to the evidence might have gone further and have found that the primal reason for plain-tiff's lay-off and the sole proximate cause of it was lack of work and that plaintiff's pregnancy was but an incidental considera-tion. At least, it cannot be found that such conclusion was arrived at as the result of the only defects which would punc-ture it in a vital aspect (Practice Book [1934] §353). This disposes of grounds of appeal, 2 and 3.

The first reason of appeal is susceptible of the interpretation that it is sought to raise this question of law: that regardless of the actual situation, yet on the facts found by the commissioner, it does not appear that the plaintiff was mentally and physically able to work within the meaning of the act, and particularly, that portion thereof denominated section 808d (a) (2) of the 1937 Supplement to the General Statutes. No authority is submitted which would lend validity to this contention and the act, itself, from whose provisions either expressly or by fair im-plication such a condition must be drawn, contains no suggestion to the effect contended for. The statute makes no distinction between the origins, characters or symptoms of either mental or

physical illness; it includes all forms and all manifestations. But to all it applies the test whether the effects of them are such as render their victim not "able to work." The last named is the vital decisive consideration. Obviously, this applies to pregnancy, as well as any other form of physical or mental malady or indisposition, since no exception appears in the applicable statute. (Reference need not be made here to the provisions of section 1339e (b) (5) of the 1939 Supplement to the General Statutes for obvious reasons.) This being so, the question must ordinarily be factual and nothing is detected in the findings made in the present instance to remove it from that category. This conclusion requires that reasons of appeal, 1, 4 and 5 be overruled.

The appeal is dismissed.